We'v**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

—————————————————————
ROBERT JONES,                                    :
                                                 :
                    Plaintiff,                   :         Civ. No. 15-6359 (RBK) (KMW)
                                                 :
        v.                                       :
                                                 :
UNITED STATES,                                   :         **OPINION**
                                                 :
                    Defendant.                   :
—————————————————————          :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, Robert Jones, is a federal prisoner currently incarcerated at F.C.I. Fort Dix in

Fort Dix, New Jersey. He is proceeding *pro se* with a civil complaint filed pursuant to the

Federal Tort Claims Act ("FTCA") against the United States. Presently pending before this Court

is plaintiff's motion to amend his complaint as well as the United States' motion to dismiss

plaintiff's original complaint. For the following reasons, plaintiff's motion to amend the

complaint will be denied and the United States' motion to dismiss the original complaint will be

granted. However, for the reasons discussed below, plaintiff shall be given leave to file a

proposed second amended complaint to the extent he elects to pursue his *Bivens* claims further.

## II.      BACKGROUND

Plaintiff filed his original complaint in August, 2015. The original complaint named one

defendant, the United States. Plaintiff asserted that while performing a plumbing work

assignment at F.C.I. Fort Dix, the relief valve to the boiler popped open and ejected a large

amount of scalding hot water onto his right foot. (*See* Dkt. No. 1 at p.4) Plaintiff's supervisor,

Coughlin, took plaintiff to medical where plaintiff reported a pain scale of "10." (*See id.*)

Registered Nurse Nicolette Miller and "MLP" Sam Syjongtian applied burn cream to the injury, wrapped it and gave plaintiff ibuprofen. (*See id.*) They also told plaintiff to come back to medical the next day for further treatment. (*See id.*)

Plaintiff returned to medical the next day, but was advised by staff that they would see him the next day since they were too busy. (*See id.*) When that failed to transpire, plaintiff spoke to Coughlin who called medical and told them they had to treat plaintiff's burn. (*See id.*)

On November 25, 2013, Miller looked at plaintiff's ankle, told him there was nothing wrong with it, applied betadine solution to the injury and re-wrapped it. (*See id.* at p.5) Plaintiff's ankle became infected soon thereafter. (*See id.*) Plaintiff returned to medical on November 30, 2013 and spoke to an unnamed male physician assistant. The physician assistant gave plaintiff extra bandages and said to plaintiff "That's all I can do." (*See id.*)

It took three months for the tissue around the burn to heal and scar. (*See id.*) Plaintiff had to use mailing labels as the adhesive to keep his bandages on the wound. (*See id.*) The injury made it difficult to walk and plaintiff was in pain. (*See id.*)

It was during this period that Coughlin told plaintiff that the institution had problems with the boilers and the one which had caused plaintiff's injury was not the only one "which had done that." (*Id.*) Plaintiff claimed that his injury was caused by the boiler which was faulty because of negligence by the United States. (*See id.* at p.6)

Plaintiff brought his original complaint only against the United States and only for damages under the FTCA. In December, 2015, this Court permitted plaintiff's original complaint to proceed past screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

Thereafter, on December 28, 2015, this Court received plaintiff's motion to amend his complaint. After the United States was served with the original complaint, it filed a motion to

dismiss the original complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(h)(3) for lack of subject matter jurisdiction. Plaintiff filed a response in opposition to the

motion to dismiss and the United States filed a reply in support of its motion.

### III.   DISCUSSION

A.  Motion to Amend Complaint

As previously indicated, plaintiff has filed a motion to amend his original complaint and

has attached a proposed amended complaint to his motion. The factual allegations of plaintiff's

proposed amended complaint and his original complaint are identical. However, there are a few

differences between the two documents. The amended complaint names additional defendants

and raises additional claims. More specifically, it seeks to add the following as defendants in

addition to the United States:  (1) Federal Bureau of Prisons; (2) Warden Jordan Hollingsworth;

(3) Corrections Officer Kenneth Coughlin; (4) Nicolette Miller; (5) Sam Syjongitan; and (6)

John Doe – P.A. In addition to raising his claims against these defendants under the FTCA, this

Court also construes plaintiff as seeking to raise claims against these defendants under *Bivens v.

Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Indeed, plaintiff alleges in part that he

is entitled to relief because the defendants violated his Eighth Amendment rights by exhibiting

deliberate and depraved indifference.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave

[to amend] when justice so requires." However, a motion to amend the complaint may be denied

where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.

*Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis,* 371

U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.

1997)). Because plaintiff's additional defendants and *Bivens* claims as stated in his proposed

amended complaint would be futile, his motion to amend will be denied for the following reasons.[1]

1. *FTCA Against Non-United States Defendants*

This Court construes plaintiff's proposed amended complaint as attempting to bring a FTCA claim against the newly named six defendants in addition to the United States. However, "[t]he only proper defendant in a suit pursuant to the FTCA is the United States." *Privolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Accordingly, plaintiff's attempt to bring an FTCA claim against non-United States defendants would be futile as he fails to state an FTCA claim against these defendants upon which relief may be granted.

2. *Bivens Claims Against Hollingsworth, Coughlin, Miller, Syjongtian & Doe*

Plaintiff is also seeking to amend his complaint so that he can bring *Bivens* claims for a purported Eighth Amendment violations against defendants Hollingsworth, Coughlin, Miller, Syjongitan and John Doe because they compounded his suffering. This Court interprets this claim to be an attempt by plaintiff to establish that the defendants were deliberately indifference to his serious medical needs.

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by

---

[1] Plaintiff filed his motion to amend prior to serving his original complaint on the United States. Thus, plaintiff may not have needed to necessarily file a motion to amend his complaint. Indeed, Federal Rule of Civil Procedure 15(a)(1)(A) permits a plaintiff to amend his pleading within twenty-one days of serving it on the defendant. Nevertheless, even if a motion to amend was not necessary, this Court would still have to screen the additional claims that plaintiff makes in his proposed amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. Accordingly, for the reasons discussed *infra*, plaintiff's new claims would not make it past that screening stage in any event even if a motion to amend the complaint itself was unnecessary.

the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted). "In order for liability to attach under [*Bivens* ], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard,* 532 F. App'x 78, 81 (3d Cir. 2013) (citing *Rode v. Dellaciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2 005) (citation omitted).

The complaint is completely devoid of any allegations of personal involvement of Warden Jordan Hollingsworth. Therefore, plaintiff fails to state a *Bivens* claim against him. However, the other individual defendants require additional analayis.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582

> (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837
> (1994)). We have found deliberate indifference where a prison
> official: "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment ... (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found

"where the prison official persists in a course of treatment in the face of resultant pain and risk of

permanent injury." *See McCluskey v. Vincent*, 505 F. Appx. 199, 202 (3d Cir. 2012) (internal

quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a

physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize

the necessity for a doctor's attention.' " *See Mitchell v. Beard*, 492 F. Appx. 230, 236 (3d Cir.

2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth

Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The allegations of the proposed amended complaint fail to state a deliberate indifference

claim against Coughlin, Miller, Syjongitan and John Doe such that adding a *Bivens* claim against

these defendants is futile as written. The proposed amended complaint states that plaintiff

received treatment for his burn. While plaintiff may not necessarily have agreed with the

treatment he received, this disagreement does not amount to deliberate indifference. *See Lenhart

v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (stating that complaint that alleges

physician was negligent in diagnosing and treating a medical condition does not state a valid

claim of medical mistreatment and that mere disagreement as to proper medical treatment does not support a claim of inadequate medical mistreatment to support a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) ("Because a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation, the District Court properly dismissed Smith's complaint.") (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)); *Bramson v. Sulayman,* 251 F. App'x 84, 86 (3d Cir.2007) (per curiam) ("Bramson's complaint makes clear that the defendant's treated him on many occasions. He claims those treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim.") (citing *Estelle,* 429 U.S. at 107–08 & n.16). At most, plaintiff's allegations only rise to the level of medical malpractice, which is insufficient to state an Eighth Amendment deliberate indifference to a serious medical need claim. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a constitutional violation."). Accordingly, plaintiff's attempt to raise *Bivens* claims against these individual defendants is futile because he fails to state a deliberate indifference to a serious medical need claim against them based on his allegations of his proposed amended complaint.

   3. *Bivens Claims Against the United States and the Federal Bureau of Prisons*

   It appears as if plaintiff is also attempting to assert a *Bivens* claim against the United States and the Federal Bureau of Prisons as defendants. It is well-settled that *Bivens* actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. *See Huberty v. United States Ambassador to Costa Rica,* 316 F. App'x 120, 122 (3d Cir. 2008) (citing *FDIC v. Meyer,* 510 U.S. 471, 483 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d

Cir. 1979); *Consejo de Desarrollo Economico de Mexicali v. United States,* 482 F.3d 1157, 1173 (9th Cir. 2007); *Douglas v. United States,* 285 F. App'x 955 (3d Cir. 2008); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir. 1979)); *Bell v. Rossott,* 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States). A *Bivens* action cannot be brought against the United States, or a federal agency such as the Federal Bureau of Prisons since such claims are plainly barred by the doctrine of sovereign immunity. *See Coffey v. Fed. Bureau of Prisons*, No. 15-0231, 2015 WL 2185518, at *2 (D.N.J. May 11, 2015) ("The Federal Bureau of Prisons and the Unites States have sovereign immunity against suit in a *Bivens* action.") (citing *Perez–Barron v. United States,* 480 F. App'x 688, 691 (3d Cir.2012)); *Foreman v. Bureau of Prisons*, No. 04-5413, 2005 WL 3500807, at *10 (D.N.J. Dec. 20, 2005) ("[A] *Bivens* action for civil damages cannot be brought against the United States or its agencies or instrumentalities."), *aff'd*, No. 06-1274, 2007 WL 108457 (3d Cir. Jan. 16, 2007). Therefore, plaintiff's attempt to amend his complaint to add a *Bivens* claim against the United States and the Federal Bureau of Prisons is futile.

In light of the fact that plaintiff's proposed amendments to his original complaint as set out in his proposed amendment complaint are futile, his motion to amend the complaint will be denied.

B.  <u>Motion to Dismiss Original Complaint</u>

This Court permitted plaintiff's original complaint to proceed past screening against the United States on plaintiff's FTCA claim. The United States has filed a motion to dismiss plaintiff's complaint due to a lack of subject matter jurisdiction. The United States argues that plaintiff's FTCA claim against it is precluded by the Inmate Accident Compensation Act,

("IACA") 18 U.S.C. § 4126. As a panel of the United States Court of Appeals for the Third

Circuit has explained:

> Federal prisoners seeking compensation for injuries sustained
> during penal employment are limited to the remedy provided by 18
> U.S.C. § 4126. *See United States v. Demko,* 385 U.S. 149, 151–54,
> 87 S.Ct. 382, 17 L.Ed.2d 258 (1966) (holding that prisoners are
> barred from bringing FTCA claims in such situations, as § 4126 is
> their exclusive remedy). This principle has been uniformly applied.
> *See Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir. 1996) ( "18
> U.S.C. § 4126(c)(4) ... is a prisoner's exclusive remedy against the
> United States for work related injuries and bars a prisoner from
> suit under the Federal Tort Claims Act for work related injuries.");
> *Wooten v. United States,* 825 F.2d 1039, 1044 (6th Cir. 1987)
> (explaining that "Section 4126 is the exclusive remedy for a
> federal prisoner injured in the performance of an assigned task
> while in a federal penitentiary" and thus bars the plaintiff's FTCA
> claim).

*Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007). Thus, to the extent that plaintiff's

FTCA claim arises from the burn he suffered while on a prison job, he cannot bring an FTCA

claim against the United States.

Plaintiff's complaint also appears to assert an FTCA claim against the United States for

the medical care (or lack thereof) he received for the burn. However, bringing this type of claim

under the FTCA is also barred. To the extent that a plaintiff argues that his particular claim is

brought in connection with the subsequent treatment (or lack thereof) of prison medical staff,

rather than the initial work-related injury, the claim is similarly still barred. *See Cooleen,* 248 F.

App'x at 362; *Patterson v. Potope*, No. 11-497, 2013 WL 1314050, at *27 (M.D. Pa. Mar. 28,

2013) ("To the extent that a plaintiff argues that his particular claim is brought in connection

with the subsequent negligence of prison doctors, rather than the initial work-related injury, the

claim is still barred). Accordingly, the United States motion to dismiss the original complaint

will be granted as plaintiff cannot bring an FTCA claim against the United States under these

circumstances.

## IV.    CONCLUSION

For the following reasons, plaintiff's motion to amend the complaint will be denied and defendant the United States' motion to dismiss the original complaint will be granted. Because it is possible that plaintiff may be able to state *Bivens* type claims against the individual defendants, however, he shall be permitted to submit a proposed second amended complaint. If plaintiff elects to do so, he is informed that that proposed second amended complaint would be subject to screening as well.


DATED:  September 19, 2016

<div style="margin-left:40%;">

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

</div>